UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE VICENTE HERNANDEZ-HERNANDEZ,

Petitioner,

v.

CHRISTOPHER LAROSE, et al.,

Respondents.

Case No.: 26-cv-4756-RSH-AHG

**ORDER DENYING PETITION FOR HABEAS CORPUS**

On August 20, 2026, petitioner Jose Vicente Hernandez-Hernandez, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. For the reasons set forth below, the Court denies the petition.

## I. BACKGROUND

Petitioner is a native and citizen of Honduras. ECF No. 1 at ¶ 35. According to the Petition, Petitioner entered the United States without inspection in or around 2009 and has resided continuously in the United States since that time. *Id.* Subsequently, around August 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE"). *Id.* at ¶ 38. He was later transferred to the Otay Mesa Detention Center in San Diego, California, where he remains detained. *Id.*

///

On August 20, 2026, Petitioner filed the instant petition, arguing that his detention is governed by 8 U.S.C. § 1226(a) and that he is entitled to an individualized bond hearing. ECF No. 1 ¶¶ 44–47. He further alleges that his detention without a bond hearing violates his right to due process. *Id.* ¶¶ 48–50.

On August 28, 2026, the Government filed a return acknowledging that Petitioner is subject to detention under § 1226(a) pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). ECF No. 4 at 1. The Government nevertheless argued that the Petition was moot because Petitioner was able to request a bond hearing and a bond hearing had indeed been scheduled, but Petitioner then withdrew this request. *Id.* at 2–3.

On September 3, 2026, Petitioner filed a reply contending that the Government's acknowledgment of his legal entitlement to a bond hearing did not moot his petition as no hearing had actually occurred. ECF No. 6 at 2–3. On the same day, the Government filed a supplemental brief reporting that another bond hearing had been scheduled for September 10, 2026. ECF No. 8 at 2.

On September 9, 2026, the Court ordered supplemental briefing regarding the status of that hearing. ECF No. 9. On September 11, 2026, the Government filed a status report stating that Petitioner had again withdrawn his hearing request to gather additional evidence. ECF No. 10 at 1–2.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

Here, Petitioner's claims rest on his contention that Respondents have improperly subjected him to mandatory detention and refused to provide an individualized bond determination under § 1226(a). ECF No. 1 ¶¶ 44, 47. The Government, however,

acknowledges that § 1226(a) governs his detention and the record indicates bond hearings have been scheduled on two occasions. On both occasions, Petitioner withdrew his request, most recently to gather additional evidence. ECF Nos. 7 at 2–3; 10-1 at 2–3. Thus, the record reflects that the hearings did not proceed because Petitioner withdrew his requests, not because Respondents refused to afford him an individualized bond determination. On this record, Petitioner has not shown that Respondents are preventing him from obtaining a hearing or that the delay associated with his decision to gather additional evidence warrants habeas relief.

Accordingly, the Court **DENIES** the Petition without prejudice. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 7, 2026

Hon. Robert S. Huie
United States District Judge